UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

GREGORY L. KELLY,                    )
                                     )   No. CV-07-378-CI
            Plaintiff,               )
                                     )   ORDER GRANTING PLAINTIFF'S
v.                                   )   MOTION FOR SUMMARY JUDGMENT
                                     )   AND REMANDING FOR ADDITIONAL
MICHAEL J. ASTRUE,                   )   PROCEEDINGS PURSUANT TO
Commissioner of Social               )   SENTENCE FOUR 42 U.S.C. §
Security,                            )   405(g)
                                     )
            Defendant.               )
                                     )
                                     )

     BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 13, 15.) Attorney Maureen J. Rosette represents Plaintiff; Special Assistant United States Attorney David R. Johnson represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 7.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment, **DENIES** Defendant's Motion for Summary Judgment, and remands the matter to the Commissioner for additional proceedings.

                            **JURISDICTION**

     Plaintiff Gregory L. Kelly (Plaintiff) protectively filed for Supplemental Security Income and disability insurance benefits (DIB)on April 12, 2005. (Tr. 117, 123.) Plaintiff alleged an onset date of October 20, 2002. (Tr. 117, 123.) Benefits were denied

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-1

initially and on reconsideration. (Tr. 87, 95.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ Mary Reed on August 22, 2006. (Tr. 33-81.) Plaintiff was represented by counsel and testified at the hearing. (Tr. 37-73.) Vocational expert Tom Moreland also testified. (Tr. 73-80.) The ALJ denied benefits (Tr. 16) and, after considering additional evidence, the Appeals Council denied review. (Tr. 5.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and will therefore only be summarized here.

At the time of the hearing, Plaintiff was 43 years old. (Tr. 37.) Plaintiff has a high school diploma and was a cook in the Army for about a year and a half. (Tr. 38.) Plaintiff's past work experience includes warehouse work, driving a forklift, millwork, mixing paint, and construction labor (Tr. 38-47.) Plaintiff alleges disability due to left knee pain and depression. (Tr. 120, 123.)

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler,* 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v.*

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-2

1  *Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)).

2  Substantial evidence is more than a mere scintilla, *Sorenson v.*

3  *Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a

4  preponderance. *McAllister v. Sullivan,* 888 F.2d 599, 601-602 (9th Cir.

5  1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d

6  573, 576 (9th Cir. 1988). Substantial evidence "means such evidence

7  as a reasonable mind might accept as adequate to support a

8  conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971)

9  (citations omitted). "[S]uch inferences and conclusions as the

10  [Commissioner] may reasonably draw from the evidence" will also be

11  upheld. *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965). On

12  review, the court considers the record as a whole, not just the

13  evidence supporting the decision of the Commissioner. *Weetman v.*

14  *Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*,

15  648 F.2d 525, 526 (9th Cir. 1980)).

16      It is the role of the trier of fact, not this court, to resolve

17  conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence

18  supports more than one rational interpretation, the court may not

19  substitute its judgment for that of the Commissioner. *Tackett*, 180

20  F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

21  Nevertheless, a decision supported by substantial evidence will still

22  be set aside if the proper legal standards were not applied in

23  weighing the evidence and making the decision. *Brawner v. Sec'y of*

24  *Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988). Thus,

25  if there is substantial evidence to support the administrative

26  findings, or if there is conflicting evidence that will support a

27  finding of either disability or nondisability, the finding of the

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-3

1   Commissioner is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-
2   1230 (9th Cir. 1987).

3                        **SEQUENTIAL PROCESS**

4        The Social Security Act (the "Act") defines "disability" as the
5   "inability to engage in any substantial gainful activity by reason of
6   any medically determinable physical or mental impairment which can be
7   expected to result in death or which has lasted or can be expected to
8   last for a continuous period of not less than twelve months."  42
9   U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A).  The Act also provides that
10  a Plaintiff shall be determined to be under a disability only if his
11  impairments are of such severity that Plaintiff is not only unable to
12  do his previous work but cannot, considering Plaintiff's age,
13  education and work experiences, engage in any other substantial
14  gainful work which exists in the national economy.  42 U.S.C. §§
15  423(d)(2)(A), 1382c(a)(3)(B).  Thus, the definition of disability
16  consists of both medical and vocational components.  *Edlund v.*
17  *Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

18       The Commissioner has established a five-step sequential
19  evaluation process for determining whether a claimant is disabled.  20
20  C.F.R. §§ 404.1520, 416.920.  Step one determines if he or she is
21  engaged in substantial gainful activities.  If the claimant is engaged
22  in substantial gainful activities, benefits are denied.  20 C.F.R. §§
23  404.1520(a)(4)(I), 416.920(a)(4)(I).

24       If the claimant is not engaged in substantial gainful activities,
25  the decision maker proceeds to step two, which determines whether the
26  claimant has a medically severe impairment or combination of
27  impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-4

the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404, Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the

claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation.  The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which the claimant can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity at any time relevant to the decision.  (Tr. 18.)  At steps two and three, he found Plaintiff has the severe impairments of left knee pain, obesity, asthma, depressive disorder, and personality disorder, not otherwise specified, but the impairments do not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings). (Tr. 18, 24.)  The ALJ then determined Plaintiff retains the residual functional capacity to perform light exertion.  (Tr. 25.)  The ALJ concluded:

> He can lift and carry 10 pounds frequently and 20 pounds occasionally.  He can stand and walk 6 hours in an 8-hour day.  He can sit 6 hours in an 8-hour day.  He can occasionally climb stairs and ramps.  He should avoid climbing ropes, ladders, or scaffolds.  He can occasionally engage in kneeling, stooping, crouching, and crawling.  He should avoid concentrated exposure to dust, fumes, odors, and air particulates.  He should avoid hazards and unprotected heights.  He is capable of superficial, limited interaction with coworkers and the public.  He is capable of understanding, remembering, and carrying out simple, repetitive tasks.

(Tr. 25.)  At step four, the ALJ found Plaintiff is unable to perform his past relevant work.  (Tr. 30.)  Based on vocational expert testimony and the Plaintiff's age, education, work experience and

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-6

residual functional capacity, the ALJ concluded there are jobs that exist in significant numbers in the national economy the claimant can perform. (Tr. 30.)   As such, the ALJ found Plaintiff was not under a disability as defined in the Social Security Act at any time through the date of the decision. (Tr. 31.)

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, Plaintiff argues the ALJ erred by: (1) not including all of Plaintiff's physical and mental limitations in the residual functional capacity determination; (2) improperly rejecting medical opinions supportive of greater limitations; and (3) rejecting Plaintiff's testimony. (Ct. Rec. 14 at 12-18.) Defendant argues the ALJ correctly considered the medical and testimonial evidence to determine Plaintiff's residual functional capacity. (Ct. Rec. 15 at 7.)

**DISCUSSION**

**A.   Credibility**

Plaintiff asserts the ALJ erred by not identifying which testimony was not credible and by failing to identify specific facts supporting her finding. (Ct. Rec. 14 at 16.)   More specifically, Plaintiff argues the ALJ did not state why Plaintiff's testimony regarding his inability to walk more than two blocks at a time, stand no more than five minutes at a time and difficulty with bending was not credible.  (Ct. Rec. 14 at 16.)   Plaintiff also alleges the ALJ did not identify facts in the record leading to the conclusion that these symptoms are not credible. (Ct. Rec. 14 at 16.)   Defendant argues the ALJ properly discredited Plaintiff's testimony alleging

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-7

1  limitations greater than those assessed in the residual functional

2  capacity finding.  (Ct. Rec. 15 at 13.)

3      In social security proceedings, the claimant must prove the

4  existence of a physical or mental impairment by providing medical

5  evidence consisting of signs, symptoms, and laboratory findings; the

6  claimant's own statement of symptoms alone will not suffice.  20

7  C.F.R. § 416.908.  The effects of all symptoms must be evaluated on

8  the basis of a medically determinable impairment which can be shown to

9  be the cause of the symptoms.  20 C.F.R. § 416.929.  In making an RFC

10 determination, the ALJ is required to take into account all of the

11 Plaintiff's symptoms, including pain, to the extent they are

12 reasonably consistent with the medical and other evidence in the

13 record.  20 C.F.R. §§ 404.1529, 416.929;  S.S.R. 96-8p.

14     Once medical evidence of an underlying impairment has been shown,

15 medical findings are not required to support the alleged severity of

16 the symptoms.  *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991).

17 If there is evidence of a medically determinable impairment likely to

18 cause an alleged symptom, the ALJ must provide specific and cogent

19 reasons for rejecting a claimant's subjective complaints.  *Id.* at 346.

20 The ALJ may not discredit pain testimony merely because a claimant's

21 reported degree of pain is unsupported by objective medical findings.

22 *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). The following

23 factors may also be considered: (1) the claimant's reputation for

24 truthfulness; (2) inconsistencies in the claimant's testimony or

25 between his testimony and his conduct; (3) claimant's daily living

26 activities; (4) claimant's work record; and (5) testimony from

27 physicians or third parties concerning the nature, severity, and

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-8

effect of claimant's condition. *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).

If the ALJ finds the claimant's testimony about the severity of the claimant's pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony. *Id.* The ALJ's reasons must be supported by "clear and convincing" evidence. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038-39 (9th Cir. 2007); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *Morgan*, 169 F.3d at 599.

In this case, there is no evidence of malingering, so the ALJ's finding must be based on clear and convincing evidence. With respect to Plaintiff's credibility, the ALJ stated, "Having considered the claimant's assertion of disability, the undersigned finds that his subjective complaints regarding the extent of his functional limitations are not fully credible." (Tr. 26.) The ALJ then listed detailed facts supporting the finding.

The ALJ pointed out that, despite allegations of significant pain in his left knee, Plaintiff takes no pain medication other than ibuprofen or extra strength Tylenol for relief. (Tr. 26, 54-55.) The type, dosage, effectiveness and side effects of medication taken to alleviate pain or other symptoms is relevant in evaluating the intensity and persistence of symptoms. 20 C.F.R. §§ 416.929(c)(3)(iv) and 416.929.(c)(3)(v). The ALJ also noted the Plaintiff is noncompliant with recommended treatments. (Tr. 27.) Plaintiff admitted he does not wear a knee brace, although a brace was provided to him. (Tr. 65, 258.) He has continued to smoke despite advice that

smoking aggravates his asthma. (Tr. 266, 274.) He stopped antidepressant medication yet complained of depression. (Tr. 274.) Noncompliance with a recommended course of treatment without good cause is relevant to a disability claim. 20 C.F.R. § 404.1530. The ALJ properly considered Plaintiff's use of nonprescription medication and failure to comply with medical treatment in assessing Plaintiff's credibility.

The ALJ also cited a number of inconsistent and contradictory statements made by Plaintiff throughout the record. (Tr. 26-27.) "One strong indication of the credibility of an individual's statements is their consistency, both internally and with other information in the case record." S.S.R. 96-7p. Plaintiff testified that his asthma limited his activities (Tr. 48-51), but the medical record shows it is well-controlled with medication. (Tr. 346.) To one health care provider, he reported that although he had been depressed for many years, he never took any medication. (Tr. 250.) Less than a month later, he reported to another provider that he had taken Celexa in the past. (Tr. 219.) The ALJ also observed Plaintiff was not forthcoming about his criminal history throughout the record.[1] (Tr. 61-62, 64, 71-72.) Additional inconsistencies noted by the ALJ

---

[1]It is noted that the ALJ mentioned Plaintiff's lack of forthrightness regarding his criminal history rather than the criminal history itself as a factor in considering Plaintiff's credibility. Defendant's argument that Plaintiff's criminal record "involved crimes of dishonesty" is erroneous and Plaintiff's criminal record is not relevant to the disability proceeding except as mentioned by the ALJ. See *U.S. v. Glen*, 667 F.2d 1269, 1272-73 (9th Cir. 1982).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g)-10

include omissions from the Plaintiff's reported work history (Tr. 38-47, 140, 146, 245) and reports of weight gain.[2]  (Tr. 248, 260, 305.)

The ALJ also pointed out Plaintiff's inconsistent statements regarding alcohol use.  Conflicting or inconsistent testimony concerning alcohol use can contribute to an adverse credibility finding.  *Robbins. v. Soc. Sec. Admin.*, 466 F.3d 880, 884 (9th Cir. 2006).  Plaintiff denied alcohol treatment at the hearing (Tr. 61), then later admitted to it when confronted with evidence.  (Tr. 64, 291.[3])  He also reported no drug or alcohol use to Dr. Czysz during a

_____

[2]The ALJ noted other inconsistencies in Plaintiff's reporting, although they were not specifically included in the explanation of the credibility finding.  (Tr. 21 n.1, Tr. 22.)  Plaintiff told hospital examiners in June of 2004 that he had been more reclusive in recent months (Tr. 359), but notes from his regular medical providers during that time frame do not reflect such complaints.  (Tr. 260-65.)  At a July 2004 follow-up appointment, Plaintiff did not mention any depressive symptoms.  (Tr. 266.)  In November, 2004, Plaintiff told Dr. Lemere he had taken Wellbutrin a year ago without much help (Tr. 243), but in November 2003, Plaintiff reported to Dr. Millman that he had a very good response to Wellbutrin.  (Tr. 258.)

[3]The ALJ cited Exhibit 2F, a report by Dr. Morris, as evidence in the record showing Plaintiff had attended an alcohol treatment program. (Tr. 26, 222.)  During the hearing, however, the ALJ referred to Dr. Bailey's report, Exhibit 8F, as indicating that Plaintiff attended alcohol treatment.  (Tr. 64, 291.)  It is noted that Dr. Morris' report does not mention Plaintiff's past alcohol treatment;

psychological evaluation on April 12, 2004, (Tr. 236) yet testified he probably had a drinking problem until August 2004. (Tr. 62-64.) As the ALJ pointed out, the record reflects that Plaintiff reported drinking at least occasionally (Tr. 62, 223, 250, 349) and one evaluator noted that he smelled of alcohol. (Tr. 218.)

The ALJ also cited several comments by Plaintiff's physicians which suggest Plaintiff's credibility may be questionable. (Tr. 27.) Dr. Bailey noted indications of secondary gain. (Tr. 292, 293.) Dr. Lee noted Plaintiff complained of significant depression but joked his way through the interview. (Tr. 288.) The ALJ also cited Dr. Bailey's notes indicating that Plaintiff reported not being able to work due to lack of motivation, but that Plaintiff was motivated to do what needed to be done to keep GAU. (Tr. 292.) These comments by Plaintiff's examining psychologists, while not conclusive on their own, are evidence supporting the ALJ's credibility determination.

Plaintiff's assertion that the ALJ was not sufficiently specific in discrediting plaintiff's testimony and supporting the credibility finding is without merit. The ALJ cited numerous facts supporting the conclusion that Plaintiff is less than credible. While the ALJ did not specifically comment on the Plaintiff's testimony regarding his inability to walk more than two blocks at a time, stand no more than five minutes at a time and difficulty with bending in the credibility finding, the ALJ referred to Plaintiff's testimony about those alleged

therefore, the ALJ's reference to Exhibit 2F in this context is erroneous. However, the error is harmless as it is not significant to the ultimate finding of nondisability. *See Stout v. Comm'r, Soc. Sec'y Admin.*, 454 F.3d 1050, 155-56 (9th Cir. 2006).

limitations in her explanation.  The facts cited by the ALJ constitute clear and convincing reasons for the ALJ's credibility finding.  The ALJ drew reasonable inferences from the evidence and supported her finding with specificity sufficient to indicate that the ALJ did not arbitrarily discount Plaintiff's testimony.

**B.   Opinion Evidence**

In making a residual functional capacity determination, the ALJ must consider the opinions of acceptable medical sources about the nature and severity of the Plaintiff's impairments and limitations. 20 C.F.R. §§ 404.1527, 416.927; S.S.R. 96-2p; S.S.R. 96-6p.  A treating or examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004).  If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).  If contradicted, the ALJ may reject the opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989); *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989). Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain, as specific, legitimate reasons for disregarding the treating physician's opinion. *See Flaten*, 44 F.3d at 1463-64; *Fair*, 885 F.2d at 604.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-13

1. **Psychological Opinions**

Plaintiff asserts the ALJ improperly rejected psychological opinions by rejecting them to the extent they are inconsistent with her findings. (Ct. Rec. 14 at 17.) Plaintiff argues this is not a specific and legitimate reason for rejecting opinions of examining physicians. (Ct. Rec. 14 at 17.) The ALJ stated, "In conclusion, these assessments and opinions are rejected to the extent they are inconsistent with the findings of the undersigned." (Tr. 30.) As indicated by the phrase, "In conclusion," the ALJ's statement was a summary of her analysis of the psychological evidence which spanned more than two pages. (Tr. 28-30.) The ALJ discussed the psychological evaluations in detail, noting inconsistencies or weaknesses and, where appropriate, assigned weight to the opinions. The ALJ provided substantial evidence supported by the record for the weight given to each psychological opinion. The use of a general statement to summarize specific findings is not error.[4]

---

[4]Plaintiff also cites limitations assessed by Dr. Dalley and asserts they should have been included in the RFC finding. (Ct. Rec. 14 at 17.) As Defendant points out, the assessment by Dr. Dalley occurred in July, 2007, almost a year after the ALJ's decision. (Ct. Rec. 16 at 17, Tr. 446, 447.) The report is properly considered by the court because the Appeals Council considered it in denying Plaintiff's request for review, *see Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000); *Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993), but evidence obtained after the ALJ has issued an adverse determination is less persuasive. *See Weetman v. Sullivan*, 877 F.2d

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-14

Plaintiff also cites the opinion of Dr. Kathleen Lee and emphasizes her assessment of a Global Assessment of Functioning (GAF)score of 50.[5] (Ct. Rec. 14 at 16-17.) Although Plaintiff's argument is unclear, he seems to imply that the ALJ erred by rejecting the serious impairments suggested by Dr. Lee's GAF score. However, the Commissioner has explicitly disavowed use of GAF scores as indicators of disability. "The GAF scale . . . does not have a direct correlation to the severity requirements in our mental disorder listing." 65 Fed. Reg. 50746-01, 50765 (August 21, 2000). Furthermore, as the ALJ pointed out, Dr. Lee noted no anxiety disorder and concluded Plaintiff could do simple and complex tasks and appropriately interact with others. (Tr. 28, 289.) She stated Plaintiff "may" have difficulties with attendance, but as the ALJ noted, Dr. Lee attributed such potential difficulties to Plaintiff's description of his symptoms. (Tr. 28, 289.) As discussed above, the ALJ's unfavorable credibility determination is adequately supported,

---

20, 23 (9th Cir. 1989). After-the-fact psychiatric findings are also "notoriously unreliable." *See Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984). Dr. Dalley's report was therefore accorded little weight. Further, the diagnoses of anxiety disorder and personality disorder (Tr. 450) were addressed and rejected by the ALJ. (Tr. 28.) The report also contains numerous references to Plaintiff's reported symptoms which the ALJ properly discredited as discussed elsewhere in this opinion.

[5]A GAF score of 41-50 indicates serious symptoms or any serious impairment in social, occupation, or school functioning. DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, 4TH Ed. at 32.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g)-15

1   so Dr. Lee's opinion regarding work attendance was duly rejected by
2   the ALJ.

3       Plaintiff also asserts that the ALJ should have discussed why the
4   state agency psychological consultants' assessed limitations regarding
5   mental impairments were not consistent with the record.  Plaintiff's
6   argument is not entirely clear; Plaintiff seems to argue that because
7   the ALJ stated the limitations assessed by the state agency
8   consultants with respect to Plaintiff's physical impairments were
9   "more in keeping with the record as a whole" (Tr. 27), the ALJ was
10  required to either adopt the same position with respect to state
11  agency assessed mental impairments or specifically explain why the
12  opinion is not in keeping with the record as a whole.  This argument
13  is without merit.  Although a physical RFC assessment may be
14  consistent with the record, it does not follow that a mental RFC
15  assessment must also be consistent with the record.

16      Plaintiff implies that the ALJ rejected the state agency
17  physicians' opinion without adequate explanation.  (Ct. Rec. 14 at
18  18.)  However, the ALJ mostly accepted the opinion of the state agency
19  reviewing psychologists.  The ALJ's step two finding was consistent
20  with the consulting psychologists' opinion.   (Tr. 18, 28.)  As the
21  Defendant points out, the ALJ's RFC finding actually includes
22  limitations greater than those identified in the reviewing
23  psychologists' narrative.  (Ct. Rec. 16 at 17-18.)  The state agency
24  psychologists opined, "[Claimant] is capable of simple and some
25  complex tasks" (Tr. 320), while the RFC finding includes only simple
26  tasks.  (Tr. 25.)  The consulting psychologists indicated Plaintiff
27  "is capable of relating appropriately to a supervisor, coworkers and
28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-16

public," (Tr. 320); yet the ALJ assessed the limitation of "superficial, limited interactions with coworkers and the public." (Tr. 25.)

Although the ALJ is required to consider and explain the weight given to state agency consultants, S.S.R. 96-6p, no specific language is required to reject all or a portion of a report. *See Magallenes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989). The court may draw reasonable inferences from the ALJ's discussion of a particular medical report. *Id.* The ALJ need not discuss all evidence presented, but must explain why significant probative evidence has been rejected. *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). The mark-the-box responses of the nonexamining physicians are based on a review of other evidence in the record which the ALJ evaluated in detail throughout the decision. They are not particularly probative or significant since they are not explained in the narrative. The ALJ reasonably rejected the state agency consulting psychologists' report to the extent it differed with her RFC finding.

The ALJ properly considered the psychological evidence and provided specific, legitimate reasons supported by substantial evidence in the record for her assessment of the evidence. Thus, the ALJ did not err.

**2.  Medical Opinions**

Plaintiff argues the ALJ improperly rejected the opinion of Dr. Jan Mueller, a treating physician. (Ct. Rec. 14 at 13-14.) On a DSHS Physical Evaluation form dated November 1, 2005, Dr. Mueller assessed moderate limitations due to arthralgia of the knee and obesity. (Tr. 309.) Dr. Mueller indicated restrictions in bending, climbing,

crouching and kneeling as tolerated and stated that Plaintiff was unable to walk more than 2 blocks at a time. (Tr. 309.) Dr. Mueller opined that Plaintiff's work level is sedentary. (Tr. 309.) The ALJ rejected Dr. Mueller's opinion. (Tr. 27.) Dr. Mueller's opinion is in conflict with the August 31, 2005, opinion of the state agency consulting physicians who assessed a work level of "light work" and occasional postural limitations in climbing, kneeling and crawling. (Tr. 338, 343.) Thus, the ALJ was required to provide specific, legitimate reasons supported by the record to reject Dr. Mueller's opinion. *See Flaten*, 44 F.3d at 1463.

The ALJ gave several reasons for rejecting Dr. Mueller's opinion. First, the ALJ pointed that although Dr. Mueller opined Plaintiff was limited to sedentary work and was unable to walk more than two blocks at a time, an MRI conducted shortly after Dr. Mueller's November 1, 2005, opinion did not show a meniscus tear. (Tr. 27.) A May 2003 MRI showed a partial tear of the anterior cruciate ligament (Tr. 21, 283), but a subsequent x-ray in July 2004 was negative. (Tr. 19, 21, 266, 397.) The ALJ noted Plaintiff reported to another provider, Dr. Millman, in July 2004 that an orthopedic specialist at the University of Washington told him it was just arthritis and a ligament injury was not suspected, and surgery was not offered.[6] (Tr. 21, 266.) On November 1, 2005, Dr. Mueller completed the DSHS Physical Evaluation

---

[6]Although the July 8, 2004, x-ray conducted at the University of Washington medical center indicates it was ordered by Dr. Green of the Knee Sports Medicine Clinic (Tr. 397), the record does not contain any additional records from Dr. Green or the Sports Medicine Clinic.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-18

Form and ordered another MRI.[7]  (Tr. 307, 308-11.)  Three days later, on November 4, 2005, an MRI showed mild prepatellar bursitis, no hypoplasia, and cysts on the ACL consistent with a partial tear or dissecting synovial cyst.  (Tr. 24, 315.)  The MRI also showed no meniscal tears.  (Tr. 315.)  As the ALJ pointed out, at a follow up appointment on December 6, 2005, Dr. Mueller noted the MRI did not show a meniscal tear and Plaintiff's pain was well controlled with ibuprofen.  (Tr. 24, 27, 312.)

The ALJ does not explain her reasoning, but implies that the results of the 2005 MRI directly undermine Dr. Mueller's opinion. (Tr. 27.)  However, if the MRI results were essential to Dr. Mueller's opinion, he would have waited for them before completing the DSHS evaluation.   He evidently considered Plaintiff to be limited to sedentary work notwithstanding the results of the MRI. (Tr. 309.)  Dr. Mueller identified "arthralgic knee," not a torn meniscus, as a source of Plaintiff's limitations (Tr. 309), so the MRI showing no meniscal tear is not conclusively inconsistent with the diagnosis. Furthermore, Dr. Mueller referenced an x-ray of the knee as the diagnostic basis for his opinion and did not mention an MRI when requested to list any additional tests or consultations needed.  (Tr. 310.)  The ALJ did not discuss Dr. Mueller's reference to an x-ray or

─────────────

    [7]Despite Plaintiff's assertion that Dr. Mueller had all of Plaintiff's records (Ct. Rec. 14 at 14), the record does not reflect whether Dr. Mueller had access to and reviewed Plaintiff's medical records before making his assessment.  Dr. Mueller's notes do indicate Plaintiff reported he had been treated at the University of Washington Sports Medicine Clinic.  (Tr. 305.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-19

analyze whether it was a proper objective basis for the assessment, and did not explain how the post-opinion MRI results affect the validity of Dr. Mueller's opinion.  It was not reasonable to conclude that the results of the 2005 MRI invalidated Dr. Mueller's opinion without analyzing the basis of that opinion.  As such, the 2005 MRI is not an appropriate reason to discount Dr. Mueller's opinion.

The second reason cited by the ALJ for rejecting Dr. Mueller's opinion is his note that Plaintiff's pain was well controlled with ibuprofen.[8]  (Tr. 27, 312.)  The lack of prescription medication is a legitimate consideration in evaluating the limitations assessed by Dr. Mueller, but it is not by itself a specific, legitimate reason for rejecting the doctor's opinion.

The third reason given for rejecting Dr. Mueller's opinion is the state agency medical consultants indicated Plaintiff was capable of light exertion, "which is more in keeping with the record as a whole, based upon the objective findings subsequent to Dr. Mueller's opinion." (Tr. 27.)  Plaintiff argues this is not a legitimate basis for rejecting Dr. Mueller's opinion and suggests the ALJ improperly adopted the opinion of nonexamining physicians over the opinion of a treating physician.  (Ct. Rec. 14 at 14-15.)  In appropriate circumstances, opinions from state agency medical consultants may be entitled to greater weight than the opinions of treating or examining sources.  S.S.R. 96-6p.  The opinion of a non-examining physician may be accepted as substantial evidence if it is supported by other evidence in the record and is consistent with it.  *Andrews v. Shalala*,

---

[8]Plaintiff did not challenge this reason for rejecting Dr. Mueller's opinion.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-20

53 F.3d 1035, 1043 (9th Cir. 1995); *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995).  The opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician.  *Lester*, 81 F.3d at 831, citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990).  Cases have upheld the rejection of an examining or treating physician based on part on the testimony of a non-examining medical advisor; but those opinions have also included reasons to reject the opinions of examining and treating physicians that were independent of the non-examining doctor's opinion.  *Lester*, 81 F.3d at 831, citing *Magallanes v. Bowen*, 881 F.2d 747, 751-55 (9th Cir. 1989) (reliance on laboratory test results, contrary reports from examining physicians and testimony from claimant that conflicted with treating physician's opinion); *Roberts v. Shalala*, 66 F.3d 179 (9th Cir. 1995) (rejection of examining psychologist's functional assessment which conflicted with his own written report and test results).  Thus, case law requires not only an opinion from the consulting physician, but also substantial evidence (more than a mere scintilla but less than a preponderance), independent of that opinion which supports the rejection of contrary conclusions by examining or treating physicians.  *Andrews*, 53 F.3d at 1039.

Here, the ALJ did not identify substantial independent evidence justifying adoption of state agency medical consultant's opinion over the treating physician's opinion.  The ALJ said only that the state agency consultant's opinion Plaintiff is capable of a wide range of exertion is "more in keeping with the record as a whole." (Tr. 27.)  The ALJ did not cite to the record or list any facts supporting this

assertion, except for a vague reference to "objective findings subsequent to Dr. Mueller's opinion," presumably the 2005 MRI.   As discussed above, the ALJ did not explain how the 2005 MRI is more consistent with the record as a whole than Dr. Mueller's opinion. Thus, the ALJ's third reason for discounting Dr. Mueller's opinion is inadequately supported.

The fourth reason given by the ALJ for rejecting Dr. Mueller's opinion, was that the assessment Plaintiff is unable to walk more than 2 blocks at a time was inconsistent with the bulk of the medical evidence.   (Tr. 27.)   Plaintiff argues the ALJ did not specifically identify the "bulk of the medical evidence" and, therefore, this basis for rejecting Dr. Mueller's opinion is improper.   (Ct. Rec. 14 at 15.) The record reflects the ALJ did not describe testimony, list representative examples, or cite to the record to demonstrate that the "bulk of" the evidence indicates Plaintiff is able to walk more than two blocks.   Elsewhere in the record, the ALJ noted Plaintiff's reports of walking 10 blocks in May 2003 (Tr. 19, 254), 20 minutes per day in January 2004 (Tr. 20, 260), and for 3 hours in June 2004.   (Tr. 21, 359.)   However, Dr. Mueller assessed Plaintiff in November 2005, more than a year after Plaintiff last reported more extensive walking. The ALJ did not explain how Dr. Mueller's assessment that Plaintiff could not walk more than two blocks at a time was inconsistent with the medical evidence.   Thus, the ALJ was not sufficiently specific in asserting this reason for rejecting Dr. Mueller's opinion.

The ALJ cited three inadequate reasons and one proper consideration in rejecting Dr. Mueller's opinion.   While situations may arise in which only one proper reason justifies the rejection of

a treating physician's opinion, this is not one of them.  Dr. Mueller's note that Plaintiff's pain was well controlled by ibuprofen does not constitute a specific, legitimate reason supported by substantial evidence in the record.  Therefore, Dr. Mueller's opinion was improperly rejected by the ALJ.

While other reasons may exist to reject Dr. Mueller's assessment, the court is constrained to review only those reasons asserted by the ALJ.  *Sec. Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947); *Pinto V. Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001).  Here, the ALJ failed to provide sufficient reasoning for rejecting the opinion of Dr. Mueller, a treating physician.  There are two remedies where the ALJ fails to provide adequate reasons for rejecting the opinions of a treating or examining physician.  The general rule, found in the *Lester* line of cases, is that "we credit that opinion as a matter of law."  *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990); *Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989).  Another approach is found in *McAllister v. Sullivan*, 888 F.2d 599 (9th Cir. 1989), which holds a court may remand to allow the ALJ to provide the requisite specific and legitimate reasons for disregarding the opinion.  *See also Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) (court has flexibility in crediting testimony if substantial questions remain as to claimant's credibility and other issues).  Where evidence has been identified that may be a basis for a finding, but the findings are not articulated, remand is the proper disposition.  *Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990) (citing *McAllister*); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1202 (9th Cir. 1990).  In this case, remand is the proper remedy.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-23

**CONCLUSION**

Having reviewed the record and the ALJ's findings, the court concludes the ALJ's decision is not supported by substantial evidence and is based on legal error. On remand, the ALJ shall properly consider the medical opinion evidence and make a new RFC determination. The testimony of a medical expert may be helpful. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is **GRANTED.** The matter is remanded to the Commissioner for additional proceedings pursuant to sentence four 42 U.S.C. § 405(g).

2. Defendant's Motion for Summary Judgment **(Ct. Rec. 15)** is **DENIED.**

3. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED.**

DATED January 26, 2009.


_____S/ CYNTHIA IMBROGNO_____
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-24